## UNITED STATE DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WALTER ARAYA & MARIA BARRANTES | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff(s), | : | |
| | : | |
| v. | : | **NOTICE OF REMOVAL ON BEHALF** |
| | : | **OF DEFENDANT NEBRASKALAND,** |
| | : | **INC. AND DEFENDANT MANUEL** |
| NEBRASKALAND, INC.; MANUEL | : | **JUSTINIANO** |
| JUSTINIANO; JOHN DOES 1-10 | : | |
| (FICTITIOUS NAMES); AND XYZ | : | |
| CORPS (FICTITIOUS NAMES) | : | |
| | : | |
| Defendant(s) | : | |

TO:    Clarkson S. Fisher Building
       & U.S. Courthouse
       402 East State Street
       Room 2020
       Trenton, NJ 08608

**PLEASE TAKE NOTICE** that Nebraskaland, Inc. (hereinafter "Defendant Nebraskaland") and Manuel Justiniano ("Defendant Justiniano") (collectively, "Defendants"), by and through counsel at Goldberg Segalla LLP, hereby remove the civil action currently pending in the Superior Court of the State of New Jersey, Somerset County, Law Division under Docket No. SOM-L-000360-22 ("the State Court Action"), pursuant to 28 U.S.C. §§ 1441 and 1446, as amended, and in accordance with 28 U.S.C. § 1331 and 28 U.S.C. § 1332, as amended, on the following grounds:

## I.      PLEADINGS AND RELEVANT FACTS

1.      On or about March 29, 2022, Walter Araya ("Plaintiff Araya") and Maria Barrentes ("Plaintiff Barrantes") (collectively, "Plaintiffs") commenced the State Court Action

33205055.v1

by filing a complaint ("the Complaint") with the Deputy Clerk of the Superior Court, Somerset County, New Jersey.  Plaintiffs allege that a truck owned by Defendant Nebraskaland and operated by Defendant Justiniano collided with a vehicle owned by Plaintiff Barrentes and operated by Plaintiff Araya, causing Plaintiff Araya severe and permanent injuries. A copy of the Complaint is annexed hereto as Exhibit A.

2.     Plaintiffs incorporated eleven counts into the Complaint, including accusations that Defendants "violated state and federal regulations, including but not limited to N.J.A.C. §13:60, et seq. and 49 C.F.R. §§350-399." Id. at p. 3 and p. 5.

3.     Plaintiffs are residents of and reside in the State of New Jersey.  Id. at p. 1.

4.     Defendant Justiniano is a resident of and resides in the State of New York.  Id.

5.     Defendant Nebraskaland is a New York corporation with a principal place of business in New York.  Id. at pp. 1-2.

6.     On or about April 2, 2022, Plaintiffs served Defendant Justiniano with a copy of the Complaint and a corresponding summons.  A copy of the filed Affidavit of Service related to Defendant Justiniano is annexed hereto as Exhibit B.

7.     On or about April 7, 2022, Plaintiffs served Defendant Nebraskaland with a copy of the Complaint and a corresponding summons.  A copy of the filed Affidavit of Service related to Defendant Nebraskaland is annexed hereto as Exhibit C.

8.     To date, neither Defendant Justiniano nor Defendant Nebraskaland has filed an answer or responsive pleading to the State Court Action.

II.     LEGAL GROUNDS FOR REMOVAL

33205055.v1

9.    "A federal court may exercise jurisdiction [over a lawsuit initially filed in state court] on either diversity or federal question grounds."  Siravo v. Crown, Cork & Seal Co., 256 F. App'x 577, 579 (3d Cir. 2007).

10.    Federal courts may exercise federal question jurisdiction over a lawsuit when the complaint includes claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

11.    Federal courts may exercise diversity jurisdiction over a lawsuit when each plaintiff is of a diverse state citizenship from every defendant, the amount in controversy exceeds $75,000.00, and the entities properly joined and served as defendants are not citizens of the state in which the lawsuit was filed.  See 28 U.S.C. § 1332 (identifying the amount in controversy and diversity requirements); 28 U.S.C. § 1441 (delineating the forum defendant rule).

12.    A defendant seeking removal to federal court must file a notice of removal within 30 days of the date he, she, or it was properly served with a copy of the complaint.  Additionally, if removal is only proper based upon diversity jurisdiction and other defendants were properly joined and served with a copy of the initial pleading, then the other defendants must either join with or consent to the notice of removal.  28 U.S.C. § 1446.

13.    The District Court of New Jersey may exercise jurisdiction over the State Court Action pursuant to federal question and diversity jurisdiction.

**A.    The District Court of New Jersey May Exercise Federal Question Jurisdiction Over the State Court Action Pursuant to 28 U.S.C. § 1331**

14.    Plaintiffs allege that Defendants violated various federal regulations and premise two Counts in the Complaint on said violations.

15.    Violations of federal regulations necessarily "aris[e] under the . . . laws . . . of the United States." 28 U.S.C. § 1331; see also State Farm Indem. Co. v. Fornaro, 227 F. Supp. 2d

229, 237 (D.N.J. 2002) (allowing for removal based on federal question jurisdiction when a federal question is presented "on the face of the plaintiff's properly pleaded complaint").

16.    Correspondingly, the Complaint provides the District Court of New Jersey with the necessary grounds to exercise federal question jurisdiction over the State Court Action.

**B.    The District Court of New Jersey May Exercise Diversity Jurisdiction Over the State Court Action Pursuant to 28 U.S.C. § 1332**

17.    Plaintiffs are residents of and reside in the State of New Jersey.  <u>See</u> Exhibit A.

18.    Defendant Justiniano is a resident of and resides in the State of New York.  <u>Id.</u>

19.    Defendant Nebraskaland is a New York corporation with a principal place of business in New York.  <u>Id.</u>

20.    Plaintiffs allege that the subject collision caused Plaintiff Araya to experience "severe and permanent injuries for which he has obtained medical treatment and which caused him great pain and suffering, incapacitated him from pursuing usual activities, and created permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention."  <u>Id.</u> at p. 4.

21.    As Plaintiffs are both citizens of New Jersey and Defendants are both citizens of New York, each plaintiff identified in the Complaint is of a diverse citizenship from each defendant named in the Complaint.

22.    As Plaintiffs contend that Plaintiff Araya has experienced severe and permanent injuries which have resulted in a medical disability, cause him continued pain and suffering, and prevent him from pursuing usual activities, the amount in controversy exceeds $75,000.

23.    Because Plaintiffs and Defendants are of a diverse citizenship and the amount in controversy exceeds $75,000, this District Court of New Jersey may exercise diversity jurisdiction over the State Court Action.  28 U.S.C. § 1331.

C.    **Defendants' Notice of Removal is Procedurally Proper Pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446**

24.    Plaintiffs served Defendants with copies of the Complaint and summons on or about April 2, 2022 and April 7, 2022.  <u>See</u> Exhibit B (Defendant Justianio) and Exhibit C (Defendant Nebraskaland).

25.    This Notice of Removal was correspondingly filed within the thirty-day deadline prescribed by 28 U.S.C. § 1446.

26.    Additionally, neither Defendant Justianio nor Defendant Nebraskaland is at home in New Jersey and there are no other entities properly named and served as defendants in the Complaint.  <u>See</u> Exhibit A, pp 1-2.

27.    Therefore, should the District of New Jersey find that it cannot exercise federal question jurisdiction over the State Court Action, it may nevertheless exercise diversity jurisdiction over the State Court Action because the forum defendant rule does not bar removal and because all named defendants in this action have joined or consented to removal.  <u>See</u> 28 U.S.C. § 1441 and 28 U.S.C. § 1446.

Dated: May 2, 2022                              Respectfully submitted,

/s/  *Marc A. Deitch*

Marc A. Deitch, Esq.
GOLDBERG SEGALLA LLP
301 Carnegie Center Drive, Suite 200
Princeton, New Jersey 08540-6587
TEL 973.681.7045
FAX 973.681.7101
mdeitch@goldbergsegalla.com
*Attorneys for Nebraskaland, Inc. and Manuel Justiniano*

33205055.v1

## CERTIFICATE OF SERVICE

I certify that on May 2, 2022, I filed the foregoing Notice of Removal via the Court's CM/ECF electronic filing system, which will give notice to all parties and their counsel of record.  I also served a copy of the foregoing via regular U.S. Mail upon:

> Tyler J. Hall, Esq.
> REBENACK, ARONOW & MASCOLO, LLP
> 21 N. Bridge Street
> Somerville, NJ 08876
> Attorneys for Plaintiff

/s/ ___*Marc A. Deitch*_____

> Marc A. Deitch, Esq.
> GOLDBERG SEGALLA LLP
> 301 Carnegie Center Drive, Suite 200
> Princeton, New Jersey 08540-6587
> TEL 973.681.7045
> FAX 973.681.7101
> mdeitch@goldbergsegalla.com
> *Attorneys for Nebraskaland, Inc. and Manuel Justiniano*

33205055.v1