# Exhibit A

REBENACK, ARONOW & MASCOLO, LLP
21 N. Bridge Street
Somerville, NJ 08876
(732) 247-3600
TYLER J. HALL, ESQ.
ATTORNEY ID: 039082011
Attorneys for Plaintiff, Walter Araya and
Maria Barrantes

| | |
|---|---|
| Plaintiff(s),<br><br>WALTER ARAYA & MARIA BARRANTES<br><br>vs.<br><br>Defendant(s),<br><br>NEBRASKALAND, INC., MANUEL JUSTINIANO, JOHN DOES 1-10 (fictitious names); and XYZ CORPS 1-10 (fictitious names). | SUPERIOR COURT OF NEW JERSEY<br>SOMERSET COUNTY<br>LAW DIVISION<br><br>DOCKET NO.: SOM-L-<br><br>CIVIL ACTION<br><br>**COMPLAINT** |

Plaintiffs, Walter Araya and Maria Barrantes, residing in Hillsborough, New Jersey, by way of Complaint, say(s):

## GENERAL ALLEGATIONS AND JURISDICTION

1. Plaintiffs, Walter Araya and Maria Barrantes, reside in Hillsborough, New Jersey.

2. On or about November 24, 2021, Plaintiffs, Walter Araya and Maria Barrantes, were legally married.

3. Upon information and belief, at all times pertinent hereto, Defendant, Manuel Justiniano, resided at 755 White Plains, Apt. 5G, Bronx, New York, 10473.

4. Upon information and belief, at all times pertinent hereto, Defendant, Nebraskaland, Inc., was a motor carrier involved in interstate commerce, as defined by the

Federal Motor Carrier Safety Act, 49 C.F.R. §§350-399, with a principal place of business at 355 Food Center Drive, Bronx, NY 10474.

5. Upon information and belief, at all times relevant herein, Defendant, Manuel Justiniano, acted within his scope as employee, servant or agent of Defendant, Nebraskaland, Inc.

6. On or about November 24, 2021, Plaintiff, Walter Araya, was operating a motor vehicle owned by his wife, Maria Barrantes, on South Elmora Avenue in Elizabeth, New Jersey.

7. At the aforementioned time and place, Defendant, Manuel Justiniano, was operating a commercial vehicle owned by Nebraskaland, Inc.

8. At the aforementioned time and place, the vehicle operated by Defendant, Manuel Justiniano, struck the rear of Plaintiff's vehicle forcing it into the rear of the vehicle in front of Plaintiff.

### FIRST COUNT
**Negligence of Manuel Justiniano**

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendant, Manuel Justiniano, had a duty to operate his commercial motor vehicle in a safe and reasonable matter, to make proper observations, and take proper precautions to avoid striking Plaintiff, Walter Araya's vehicle.

3. Defendant, Manuel Justiniano, failed in the above-mentioned duties and was therefore negligent.

4. As a direct and proximate result of Defendant, Manuel Justiniano's negligence, Plaintiff, Walter Araya, suffered severe and permanent injuries for which he has obtained medical treatment and which caused him great pain and suffering, incapacitated him from

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

pursuing usual activities, and created permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE,** Plaintiff, Walter Araya, demands judgement against the Defendant, Manuel Justiniano, herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

## SECOND COUNT
### Statutory Violations of Manuel Justiniano

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendant, Manuel Justiniano, violated state and federal statutes and regulations, including but not limited to N.J.A.C. §13:60, et seq. and 49 C.F.R. §§350-399.

3. Defendant, Manuel Justiniano' statutory violations directly and proximately cause Plaintiff, Walter Araya's damages and injuries.

4. Defendant, Manuel Justiniano is negligent *per se* based on these statutory and regulatory violations.

5. As a direct and proximate result of Defendant, Manuel Justiniano' statutory violations, Plaintiff, Walter Araya, suffered severe and permanent injuries for which he has obtained medical treatment and which caused him great pain and suffering, incapacitated him from pursuing usual activities, and created permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE,** Plaintiff, Walter Araya, demands judgement against the Defendant, Manuel Justiniano, herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

## THIRD COUNT
### Vicarious Liability of Nebraskaland, Inc.

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendant, Nebraskaland, Inc. is vicariously liable for the acts and omissions of Defendant, Manuel Justiniano.

**WHEREFORE,** Plaintiff, Walter Araya, demands judgment against the Defendant, Nebraskaland, Inc. herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

## FOURTH COUNT
### Strict Liability of Nebraskaland, Inc.

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Regardless of employment relationship, Defendant, Nebraskaland, Inc. is the registered owner of the USDOT number 451409 displayed on the commercial vehicle involved din the aforementioned collision and is therefore responsible for the acts and omissions of the driver of that vehicle.

**WHEREFORE,** Plaintiff, Walter Araya, demands judgement against the Defendant, Nebraskaland, Inc. herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

## FIFTH COUNT
### Negligence of Nebraskaland, Inc.

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendant, Nebraskaland, Inc. had a duty to act reasonably in hiring, retaining, training and supervision of Defendant, Manuel Justiniano, and to promulgate and/or enforce rules and regulations to ensure its drivers and vehicles were reasonably safe.

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

3. Defendant, Nebraskaland, Inc. failed in the above-mentioned duties and was therefore negligent.

4. As a direct and proximate result of Defendant, Nebraskaland, Inc.'s negligence, Plaintiff, Walter Araya, suffered severe and permanent bodily injuries for which he has obtained medical treatment and which caused him great pain and suffering, incapacitated him from pursuing usual activities, and created permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

**WHEREFORE,** Plaintiff, Walter Araya, demands judgement against the Defendant, Nebraskaland, Inc. herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

### SIXTH COUNT
### Statutory Violations of Nebraskaland, Inc.

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendant, Nebraskaland, Inc. violated and encouraged Defendant, Manuel Justiniano, to violate state and federal statutes and regulations, including but not limited to N.J.A.C. §13:60, et seq. and 49 C.F.R. §§350-399.

3. Defendant, Nebraskaland, Inc. is negligent *per se* based on these statutory and regulatory violations.

4. As a direct and proximate result of Defendant, Nebraskaland, Inc.'s statutory violations, Plaintiff, Walter Araya, suffered severe and permanent bodily injuries for which he has obtained medical treatment and which caused him great pain and suffering, incapacitated him from pursuing usual activities, and created permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

**WHEREFORE,** Plaintiff, Walter Araya, demands judgement against the Defendant, Nebraskaland, Inc. herein for damages in an amount sufficient to compensate his injuries and any medical bills he has incurred, together with interest and costs of suit and other remedies.

## SEVENTH COUNT
**Claim for Punitive Damages against Nebraskaland, Inc.**

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Upon information and belief, in the two (2) years prior to the subject crash, Defendant, Nebraskaland, Inc., had dozens of violations related to driver fitness and vehicle maintenance.

3. Upon information and belief, in the two (2) years prior to the subject crash, Defendant, Nebraskaland, Inc., the violations aforesaid were so severe that the Nebraskaland, Inc. vehicles were placed out of service on 13 occasions.

4. The acts and omission aforesaid by Nebraskaland, Inc. constitute a wanton and willful disregard of the safety of members of the general public on and about the public roadways.

5. Plaintiff was a person who would foreseeably be harmed by such acts and omissions.

6. Plaintiff seeks damages pursuant to N.J.S.A. 2A:15-5.9, Punitive Damages Act.

**WHEREFORE,** Plaintiffs, Walter Araya and Maria Barrantes, demand judgement against the Defendant, Nebraskaland, Inc. herein for punitive damages, together with interest and costs of suit and other remedies.

## EIGTH COUNT
**Claim for Property Damages against Manuel Justiniano and Nebraskaland, Inc.**

1. Plaintiffs repeat and realleges each and every allegation set forth above.

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

2. As a result of the impact, Plaintiffs' vehicle was pushed forward into the vehicle in front of Plaintiff resulting in damage to the front and rear of Plaintiff's vehicle.

3. As a direct and proximate result of the negligence of Defendants, Plaintiffs suffered damages in the form of property damage to their vehicle.

**WHEREFORE,** Plaintiffs, Walter Araya and Maria Barrantes, demand judgement against the Defendants, Manuel Justiniano and Nebraskaland, Inc. herein for damages sufficient to compensate his damages together with interest and costs of suit and other remedies.

### NINTH COUNT
### Fraudulent Concealment of Evidence

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. By letter dated November 29, 2021, Plaintiff served Defendants, Nebraskaland, Inc. and Manuel Justiniano with a spoliation notice. The spoliation notice was also sent to the insurance carrier for Nebraskaland, Inc., Old Republic Insurance Company.

3. The spoliation notices were sent via regular and certified mail.

4. Defendant, Nebraskaland, Inc., received the spoliation notice on December 6, 2021.

5. On December 10, 2021, the safety manager of Nebraskaland, Inc., Matthew Smith sent an email acknowledging receipt of the spoliation notice and directed this office to contact Gallagher Bassett.

6. Upon information and belief, Gallagher Bassett is acting as the third-party administrator for this claim.

7. Since December 10, 2021, Plaintiff's counsel has made over eight (8) different requests to inspect Defendants' truck.

8. Item No. 1 of Plaintiff's spoliation notice directed Defendant to preserve the subject dump truck without change.

9. To date, Plaintiff has not been permitted to inspect Defendants' truck.

10. Upon information and belief, the Defendants' truck has been placed back into service.

11. Notwithstanding the spoliation notices, Defendants negligently, recklessly or intentionally withheld, altered or destroyed evidence with the purpose to disrupt the litigation.

12. Upon information and belief, the improper continued operation of the truck resulted in data related to the crash from both the truck's black box to be lost.

13. In light of the foregoing, Plaintiff will suffer damages by having to rely on an evidential record that does not contain evidence fraudulently concealed by said Defendants.

**WHEREFORE,** Plaintiff, Walter Araya and Maria Barrantes, demand judgement against the Defendants, Manuel Justiniano and Nebraskaland, Inc. herein for damages sufficient to compensate their damages together with interest and costs of suit and other remedies.

## TENTH COUNT

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. At all times relevant herein, Plaintiff, Maria Barrantes was the spouse of Plaintiff, Walter Araya, and as such, was entitled to his services, love, consortium and affection.

3. As a result of the negligence of the Defendants, Plaintiff, Maria Barrantes has and will in the future be deprived of the services of Plaintiff, Walter Araya.

WHEREFORE, Plaintiff, Maria Barrantes, demands, demands judgment against Defendants, Manuel Justiniano and Nebraskaland, Inc. herein for damages sufficient to compensate her damages together with interest and costs of suit and other remedies.

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

## ELEVENTH COUNT
### Fictitious Parties

1. Plaintiffs repeat and realleges each and every allegation set forth above.

2. Defendants, John Doe 1-10 and XYZ Corps. 1-10, are fictitious names intended to represent additional persons or legal entities that have direct liability and/or vicarious liability for the injuries suffered by Plaintiffs.

3. As a result of the acts and omissions of the Defendants, John Doe 1-10 and XYZ Corps. 1-10, aforesaid, Plaintiff, Walter Araya, has suffered severe and permanent bodily injuries for which he has obtained medical treatment and which have caused him great pain and suffering, incapacitated him from pursuing usual activities and left him with permanent disabilities that will in the future similarly incapacitate him, cause him pain and suffering, and require medical attention.

WHEREFORE, Plaintiffs, Walter Araya and Maria Barrantes, demands judgment against DEFENDANTS, JOHN DOE 1-10 and XYZ CORPS. 1-10, herein for damages in an amount sufficient to compensate him for his injuries together with interest.

## JURY DEMAND

Please be advised that the Plaintiffs, Walter Araya and Maria Barrantes, hereby demand a trial by jury on all issues so triable.

## TRIAL COUNSEL DESIGNATION

Pursuant to Rule 4:25-4, **TYLER J. HALL, Esq.**, has been designated as trial counsel on behalf of the Plaintiff(s) in the above-captioned matter.

## NOTICE TO PRODUCE

PLEASE TAKE NOTICE THAT, pursuant to Rule 4:18-1, request is hereby made of the Defendants by the Plaintiffs, that you produce true, complete, and accurate copies of the following documents to this office, within thirty-five (35) days of the date hereof.

Rebenack, Aronow
& Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

1. Copies of all accident and/or incident reports and investigations prepared by Defendant as a result of the crash other than the police report.

2. Copies of the accident register maintained as required by 49 CFR 390.15(b) to include the motor vehicle collision with Plaintiff and all accidents 3 years prior to the subject crash.

3. Copies of all documents prepared concerning all inspections performed on the truck involved in this accident.

4. Copies of the entire personnel file of Manual Justiniano.

5. Copies of any and all document showing the hours that Manuel Justiniano worked on the date of the crash and 6 months prior.

6. Copies of the entire qualification file of Manuel Justiniano maintained pursuant to 49 CFR 391.51 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

7. Copies of the entire driver investigation history file or its equivalent for Manuel Justiniano maintained pursuant to 49 CFR 391.53 and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

8. Copies of all hours of service logs – official or unofficial – of Manuel Justiniano for the 6 months before the collision involving Plaintiff and for 30 days after the collision maintained pursuant to 49 CFR 395.8(k) and preserved pursuant to 49 CFR 379 (including Appendix A, Note A).

9. Copies of the bills of lading related to the load transported by Defendant on the date of the crash.

10. Copies of all long form DOT physicals for Manuel Justiniano.

11. Color copies of all photographs/images taken of the truck operated by Manuel Justiniano at the scene of the collision, or anytime thereafter.

12. Color copies of all dash camera video depicting the subject accident.

13. Color copies of all dash camera video depicting the date of the crash and three months prior.

14. Copies of all documentation evidencing the completion or non-completion of training programs and driver orientation programs by Manuel Justiniano for Nebraskaland, Inc.

15. Copies of all satellite communications and email for the day of the collision and seven days prior, as well as all recorded ECM (electronic control module), EDR (event data

Rebenack, Aronow & Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

recorder), and/or SDM (sensing and diagnostic module) chronological data with reference to all data available for the truck involved in the collision.

16. Copies of all policies, including liability, general liability, excess umbrella, and any other insurance that will cover or arguably cover damages claimed in the collision involving Plaintiff.

17. Copies of all documents evidencing the completion or non-completion of any safe driving programs by Manuel Justiniano.

18. Copies of all driver manuals, company handbooks, or their equivalent issued to Manuel Justiniano by Nebraskaland, Inc.

19. Copies of all company safety rules or the equivalent issued to Manuel Justiniano by Nebraskaland, Inc.

20. Copies of all records relating to the inspections, repairs, maintenance, and costs for the truck involved in the motor vehicle collision with Plaintiff pursuant to 49 CFR 396.3.

21. Copies of any and all documents that, in any way, refer to or relate to the route driven by Defendant, Manuel Justiniano, on the date of the crash.

22. Any and all statements concerning this action, as defined by Rule 4:10-2 from any witnesses including any statements from the parties herein, or their respective agents, servants and employees.

23. Copies of any reports received from experts with a copy of the curriculum vitae.

24. Any and all CIB, index and/or claim reports on Plaintiff.

25. Any and all books, treatises, commentaries, reports, statutes, codes, ordinances, rules, regulations or other published documents referred to or utilized by or relied upon by any expert witnesses whom defendant(s) intend(s) to call at trial.

26. Any and all blueprints, charts, diagrams, drawings, graphs, maps, plans, photographs, models, anatomical exhibits, or other visual reproductions of the object, place or thing prepared, utilized by, referred to or relied upon by any expert witnesses who defendant(s) intend to call at the time of trial, and/or which said expert will rely in his or her testimony at the trial of this matter.

27. Any and all hospital reports, doctors' reports, doctors' office records, medical reports, x-ray reports, diagnostic testing reports, medical bills, drug bills, and any other documented medical information of any nature, kind or description relating or referring to plaintiff.

28. Copies of any and all records or documents supporting your allegations set forth

in your affirmative defenses.

29. Any and all documentation obtained in response to subpoena duces tecum, authorization or any other source.

30. A copy of any photographs, motion pictures, videotapes or images of any nature that constitute a surveillance that was taken of the plaintiff(s) by the defendant(s), his attorney(s), investigator(s) or any other type of insurance company representative, employee, or agent.

31. Any and all property damage estimates for any vehicle that was involved in this accident.

32. Transcripts from any recorded statements given by the Defendant to an insurance carrier.

33. Copies of all letters from insurance companies, their employees or agents, that deny coverage, in whole or part, for any of the claims asserted by Plaintiff in this matter.

34. Copies of all MCS 150 Forms submitted on behalf of Nebraskaland, Inc.

## CERTIFICATION

1. Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of filing of this pleading, the matters in controversy are not the subject of any other action pending in any Court and/or Arbitration proceeding.

2. I also understand that at this time there are no other parties, to my knowledge, that should be named in this lawsuit.

3. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

REBENACK, ARONOW & MASCOLO, LLP
Attorneys for Plaintiffs,
Walter Araya and Maria Barrantes

By: _____*Tyler Hall*_____
TYLER J. HALL, ESQ.

Dated: March 29, 2022

Rebenack, Aronow & Mascolo, LLP

21 N. Bridge St.
Somerville, NJ

# Civil Case Information Statement

**Case Details: SOMERSET | Civil Part Docket# L-000360-22**

**Case Caption:** ARAYA WALTER  VS NEBRASKALAND, INC.
**Case Initiation Date:** 03/29/2022
**Attorney Name:** TYLER J HALL
**Firm Name:** REBENACK, ARONOW & MASCOLO, LLP
**Address:** 21 N BRIDGE ST
SOMERVILLE NJ 08876
**Phone:** 9084482560
**Name of Party:** PLAINTIFF : Araya, Walter
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** AUTO NEGLIGENCE-PERSONAL INJURY (NON-VERBAL THRESHOLD)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Walter Araya?** NO

**Are sexual abuse claims alleged by: Maria Barrantes?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
**CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION**

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

03/29/2022                                                                                              /s/ TYLER J HALL
Dated                                                                                                    Signed